1
2
3
4
5
6
7
8
9            **IN THE UNITED STATES DISTRICT COURT**
10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
11
12    RON GEREN,                                    CASE NO. CV F 11-0938 LJO GSA
13                    Plaintiff,                    **ORDER TO DISMISS**
              vs.                                   (Docs. 8, 10.)
14
      DEUTSCHE BANK NATIONAL, et al.,
15
                    Defendants.
16    _____/
17                          **INTRODUCTION**
18           On June 9, 2011, pro se plaintiff Ron Geren ("Mr. Geren") filed a document which this Court

19    construes as a complaint to allege claims arising from foreclosure of Mr. Geren's Coarsegold, California

20    property ("property"). Several defendants[1] seek dismissal of this action in the absence of viable claims

21    against them. For the reasons discussed below, this Court dismisses this action against defendants and

22    VACATES the August 25, 2011 and September 7, 2011 hearings set by defendants.

23                          **BACKGROUND**
24               **Mr. Geren's Property Loan And Foreclosure**
25           Mr. Geren and his wife Victoria Geren (collectively the "Gerens") obtained from Sierra Pacific

26    _____

27           [1]        Defendants seeking dismissal are Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), OneWest Bank,
      F.S.B. ("OneWest"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank National Trust Company
28    ("Deutsche Bank"). This Court will refer to Sierra Pacific, OneWest, MERS and Deutsche Bank collectively as "defendants."

a $227,000 property loan secured by a Deed of Trust ("DOT") recorded on February 7, 2007.[2]  The DOT

identifies Sierra Pacific as lender, Greenhead Investments, Inc. ("Greenhead") as trustee, and MERS as

beneficiary, acting "solely as nominee for Lender."

On August 7, 2009, a Notice of Default and Election to Seel under Deed of Trust ("default

notice") was recorded to indicate the Gerens' $13,460.32 amount in arrears.  The default notice includes

Indymac Mortgage Servicing's declaration that:

> The mortgagee, beneficiary or authorized agent has tried with due diligence to contact
> the borrower to discuss the borrower's financial situation and to explore options for the
> borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5.  Thirty days
> or more have elapsed since these due diligence efforts were completed.

On November 12, 2009, Indymac Federal Bank, FSB recorded an Assignment of Deed of Trust

to transfer to Deutsche Bank all beneficial interest under the DOT.  On that same date, a Substitution

of Trustee was recorded to replace Greenhead as trustee with MTC Financial Inc. dba Trustee Corps

("Trustee Corps"). On December 11, 2009, Indymac Federal Bank, FSB recorded another Assignment

of Deed of Trust which appears nearly identical to the DOT assignment recorded on November 12, 2009.

Also on November 12, 2009, Trustee Corps recorded a Notice of Trustee's Sale to set a

December 2, 2009 sale of the property.  On December 11, 2009, OneWest recorded a Trustee's Deed

Upon Sale to indicate that Deutsche Bank purchased the property at a December 2, 2009 auction.

### Mr. Geren's Complaint

On June 9, 2011, Mr. Geren filed a document entitled "Collaretal [sic] Attack, Set Aside

Wrongful Foreclosure Emotional Distress Intentional Misrepresentation of Facts Suppression of Facts,

Omissions Negligent Misrepresentation Violations of Ca. Civ. Code 2923.6, 1572 Civil Rico."  This

Court construes the document as a complaint and will refer to it as "complaint."

The complaint generally is indecipherable and, as Sierra Pacific describes, "offers an

unintelligible screed against mortgage lending in general."  The complaint makes references to

"egregious and ongoing, far reaching, fraudulent schemes" and an "illegal Securitization scheme."  The

complaint includes a "Count One Wrongful Foreclosure" to take issue apparently with the property's

---

[2]     Documents pertaining to the Gerens' loan and foreclosure were recorded in the Madera County Official
Records.

1   foreclosure sale.

2 **DISCUSSION**

3 **Sua Sponte Dismissal**

4       Defendants fault the complaint's failure to allege viable claims and grounds for this Court's

5 jurisdiction.  This Court agrees with defendants.

6       "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

7 may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

8 *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

9 sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

10 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

11 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

12 prior to service of process on defendants).

13       "When a federal court reviews the sufficiency of a complaint, before the reception of any

14 evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

15 a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

16 claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*

17 *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

18 a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

19 theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

20 *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

21       In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

22 the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

23 can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

24 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

25 are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*

26 *Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

27 assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.*

28 *Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must  not "assume that the [plaintiff] can

3

1   prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not

2   been alleged." *Associated General Contractors of California, Inc. v. California State Council of*

3   *Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if

4   "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon*

5   *Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

6       A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

7   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

8   *Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

9   Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

10  plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

11  *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

12  direct or inferential allegations respecting all the material elements necessary to sustain recovery under

13  some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

14  *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

15      In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

16          . . . a complaint must contain sufficient factual matter, accepted as true, to "state
        a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
17      plaintiff pleads factual content that allows the court to draw the reasonable inference that
        the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
18      akin to a "probability requirement," but it asks for more than a sheer possibility that a
        defendant has acted unlawfully.  (Citations omitted.)

19

20      After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

21  to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content,

22  must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

23  F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

24      The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

25          First, the tenet that a court must accept as true all of the allegations contained in
        a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
26      a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
        only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
27      . Determining whether a complaint states a plausible claim for relief will . . . be a
        context-specific task that requires the reviewing court to draw on its judicial experience
28      and common sense. . . . But where the well-pleaded facts do not permit the court to infer

4

more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

As discussed below, the complaint is subject to dismissal in the absence of claims supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal theory.

## **Failure To Satisfy F.R.Civ.P. 8**

The complaint is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The complaint fails to satisfy F.R.Civ.P. 8. The complaint lacks cognizable facts of defendants' purported wrongdoing to provide fair notice as to what each defendant is to defend. The complaint appears to decry the home loan industry and securities practices. The complaint makes passing references to lending and foreclosure laws but fails to connect them to events involving Mr. Geren and/or defendants. The complaint throws out terms, such as, "failure to disclose," "lack of consideration," "conflict of interest," and "collusion against homeowners" without meaningful reference to the parties. The complaint lacks cognizable claims or legal theories upon which to support defendants' liability. The complaint lacks specific, clearly defined allegations to give fair notice of claims plainly and succinctly to warrant dismissal of this action.

### Failure To Tender Indebtedness

Mr. Geren's failure to tender, and apparent inability to tender, the amount owing on the Gerens' loan further dooms his claims.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.*, 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah*

1  *v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S.

2  1081, 117 S.Ct. 746 (1997).  "A party may not without payment of the debt, enjoin a sale by a trustee

3  under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale,

4  even though the statute of limitations has run against the indebtedness."  *Sipe v. McKenna*, 88

5  Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

6      In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157

7  (1989), the California Court of Appeal explained:

8      . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or
    procedure should be accompanied by an offer to pay the full amount of the debt for

9      which the property was security." . . . . This rule . . . is based upon the equitable maxim
    that a court of equity will not order a useless act performed. . . . "A valid and viable

10      tender of payment of the indebtedness owing is essential to an action to cancel a voidable
    sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not

11      have redeemed the property had the sale procedures been proper, any irregularities in the
    sale did not result in damages to the plaintiffs.  (Citations omitted.)

12

13      An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state

14  a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15

15  Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no

16  effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851

17  (citing Cal. Civ. Code, § 1495).  Simply put, if the offeror "is without the money necessary to make the

18  offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at118, 92

19  Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical

20  ground that notice was improper, if the party making the challenge did not first make full tender and

21  thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western*

22  *Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action

23  'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid

24  tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

25      "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without

26  paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

27  *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain

28  an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475,

477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the complaint nor record references Mr. Geren's tender of indebtedness or meaningful ability to do so. The record's silence on Mr. Geren's tender of or ability to tender amounts outstanding is construed as his concession of inability to do so. Without Mr. Geren's meaningful tender, Mr. Geren seeks empty remedies, not capable of being granted and his purported claims are doomed.

**Foreclosure Sale Presumption**

The complaint appears to challenge foreclosure of the property. Mr. Geren is unable to overcome presumption of a foreclosure sale's validity to doom further his claims.

Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause. "Financing or refinancing of real property is generally accomplished

8

1    in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of

2    trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment

3    of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).

4    A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance*

5    *Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

6        If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender

7    may non-judicially foreclose.  *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237,

8    286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the

9    applicable California Civil Code sections:

10           The comprehensive statutory framework established to govern nonjudicial
         foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating
11       to notice and right to cure. It would be inconsistent with the comprehensive and
         exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another
12       unrelated cure provision into statutory nonjudicial foreclosure proceedings.

13   *Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins.*

14   *Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of

15   the power of sale contained in a deed of trust.")

16       Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of

17   their authorized agents" may conduct the foreclosure process.  Under California Civil Code section

18   2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent

19   for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

20   substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the

21   beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  *Moeller*, 25

22   Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

23        "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights

24   of the borrower and lender."  *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777.  "As a general rule,

25   a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*, 105 Cal.App.4th 428,

26   440-441, 129 Cal.Rptr.2d 436 (2003).  "If the trustee's deed recites that all statutory notice requirements

27   and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable

28   presumption arises that the sale has been conducted regularly and properly; this presumption is

9

1  conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations

2  omitted).  "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was

3  conducted regularly and fairly.'" *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26

4  Cal.Rptr.3d 413 (2005) (quoting *Brown v. Busch,* 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)).  "This

5  presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity."

6  *Melendrez*, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.

7      To challenge foreclosure, "it is necessary for the complaint to state a case within the code

8  sections for which reason it is essential to allege the facts affecting the validity and invalidity of the

9  instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940).

10  A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has

11  been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a

12  mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).  As the

13  California Supreme Court explained decades ago:

14      It is the general rule that courts have power to vacate a foreclosure sale where
       there has been fraud in the procurement of the foreclosure decree or where the sale has
15      been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there
       has been such a mistake that to allow it to stand would be inequitable to purchaser and
16      parties. Sham bidding and the restriction of competition are condemned, and inadequacy
       of price when coupled with other circumstances of fraud may also constitute ground for
17      setting aside the sale.

18  *Bank of America Nat. Trust & Savings Ass'n v. Reidy*, 15 Cal.2d 243, 248, 101 P.2d 77 (1940).

19      Moreover, "[u]nder California law, there is no requirement for the production of an original

20  promissory note prior to initiation of a nonjudicial foreclosure. . . . Therefore, the absence of an original

21  promissory note in a nonjudicial foreclosure does not render a foreclosure invalid.  *Pantoja v.*

22  *Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009).  "Under Civil Code section

23  2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL

24  385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)).  Rather, "[t]he foreclosure process

25  is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25

26  Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  An "allegation that the trustee did not have the original note

27  or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007

28  WL 2140640, *8 (S.D. Cal. 2007).

1    The complaint lacks facts of a specific statutory irregularity or misconduct in the foreclosure

2    proceedings.   The complaint's attempt to challenge foreclosure validity offers nothing to support a

3    discrepancy in the foreclosure process to warrant dismissal of Mr. Geren's claims.   The complaint

4    references to producing the note are unavailing. The complaint lacks allegations to overcome the

5    presumption of foreclosure sale validity.[3]

6                                    **<u>Declaration Of Diligence</u>**

7    Defendants further note that Mr. Geren lacks a claim based on failure to observe California Civil

8    Code section 2923.5 ("section 2923.5").

9    Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the

10   borrower in person or by telephone in order to assess the borrower's financial situation and explore

11   options for the borrower to avoid foreclosure."   Section 2923.5(b) requires a default notice to include

12   a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5,

13   including attempt "with due diligence to contact the borrower as required by this section."

14   Defendants note that section 2923.5 does not require the compliance statement be made by in

15   individual with personal knowledge under penalty of perjury.   In *Mabry v. Superior Court*, 185

16   Cal.App.4th 208, 233, 110 Cal.Rptr.3d 201 (2010), the California Court of Appeal explained:

17           The way section 2923.5 is set up, too many people are necessarily involved in the process
             for any one person to likely be in the position where he or she could swear that all three
18           requirements of the declaration required by subdivision (b) were met. We note, for
             example, that subdivision (a)(2) requires any one of three entities (a "mortgagee,
19           beneficiary, or authorized agent") to contact the borrower, and such entities may employ
             different people for that purpose. And the option under the statute of no contact being
20           required (per subdivision (h)) further involves individuals who would, in any commercial
             operation, probably be different from the people employed to do the contacting.

21

22   The Indymac Mortgage Servicing declaration attached to the default notice was executed under

23   penalty of perjury in declaration form.   A purported section 2923.5 violation is irrelevant in that "the

24   remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more." *Mabry*, 185

25   Cal.App.4th at 214, 110 Cal.Rptr.3d 201.   Since the foreclosure sale occurred in December 2009, an

26

27           [3]      The presumption is further bolstered by the Trustee's Deed of Sale, which provides: "All requirements of
     law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery
28   of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with."

1   alleged section 2923.5 violation fails to satisfy a claim for wrongful foreclosure.

2   **Absence Of Subject Matter Jurisdiction**

3   The complaint fails to allege a basis of this Court's jurisdiction to further warrant dismissal of

4   this action.

5   F.R.Civ.P. 8(a)(1) requires "a short and plain statement of the grounds for the court's

6   jurisdiction."

7   F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.

8   Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

9   375, 377, 114 S.Ct. 341 (1994). A "court of the United States may not grant relief absent a

10  constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir.

11  2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary

12  affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).

13  Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co.*

14  *v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). "The plaintiff always bears the burden of

15  establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the

16  plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993).

17  The complaint fails to raise a relevant federal question, to assert diversity among the parties, or

18  to present a basis for this Court's subject matter jurisdiction to warrant further dismissal of this action.

19  **Attempt At Amendment And Malice**

20  Since the complaint's claims are barred as a matter of law, Mr. Geren is unable to cure his claims

21  by allegation of other facts and thus is not granted an attempt to amend.

22  Moreover, this Court surmises that Mr. Geren has brought this action in absence of good faith

23  and that Mr. Geren seeks to exploit the court system solely for delay or to vex defendants. The test for

24  maliciousness is a subjective one and requires the court to "determine the . . . good faith of the

25  applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795

26  F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has

27  inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of

28  good faith or malice also can be inferred from a complaint containing untrue material allegations of fact

1    or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th

2    Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action.

3                                      **CONCLUSION AND ORDER**

4            For the reasons discussed above, this Court:

5        1.        DISMISSES with prejudice this action against all defendants; and

6        2.        DIRECTS the clerk to enter judgment in favor of defendants and against plaintiff Ron

7                  Geren and to close this action.

8

9

10

11

12

13

14

15   IT IS SO ORDERED.

16   **Dated:     August 12, 2011**                        /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

13